### GILBERT v. GILBERT.

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

DIVORCE—ALLOWANCE FOR COUNSEL FEES—DISCRETION OF TRIAL COURT.

The granting of counsel fees, in actions for divorce, rests in the discretion of the court, having in view the pecuniary condition and good faith of the parties, but when plaintiff has already been granted an allowance of $50, no part of which has been expended in preparing for trial, and defendant files affidavits of poverty, and denying plaintiff's charges in the complaint, an additional allowance of $150 will be reduced, on appeal, to $75, though plaintiff affirms that she is wholly dependent upon her temporary alimony, and that it is insufficient for her support.

Appeal from special term, Westchester county; J. O. DYKMAN, Justice.

Application for an order directing Bradford R. Gilbert, defendant in an action for divorce instituted by Cora R. Gilbert, to pay an additional allowance to plaintiff's attorney. Plaintiff filed an affidavit that she was entirely dependent upon the temporary alimony previously awarded her, and that it was insufficient for her support. Defendant answered by affidavit, denying plaintiff's charges in the original complaint, and affirming that it was impossible for him to pay any additional allowance, owing to his poverty. Defendant was ordered to pay $150 additional allowance, and appeals.

*Booraem & Hamilton*, for appellant. *William B. Davidson*, for appellee.

PRATT, J. The granting of alimony and counsel fees, in actions for divorce, rests in the discretion of the court, having in view the pecuniary condition of the parties and the good faith they respectively exhibit. No encouragement should be given to suits instituted solely for the purpose of procuring alimony, and such suits should be speedily determined. The rule is to allow only such sums for alimony and counsel fees as the husband is able to pay, and sufficient to properly support the wife, and enable her to try the cause. The plaintiff has already been allowed a counsel fee, in this case, of $50, no part of which has been expended in preparing the case for trial. We think, under all the circumstances, $75 is as much as defendant ought to pay, in addition to what he' has already paid. The order below is modified by fixing the sum at $75, and as so modified affirmed, without costs to either party.